# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 13, 2012

No. 11-31129
Summary Calendar

Lyle W. Cayce
Clerk

ANTONIO D. NAYLOR

Plaintiff

v.

ATLANTIC SOUNDING COMPANY, INCORPORATED,

Defendant–Appellant

CAILLOU ISLAND TOWING COMPANY, INCORPORATED,

Defendant–Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:10-CV-713

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Defendant–Appellant Atlantic Sounding Company, Inc. ("Atlantic") appeals from the district court's judgment finding it partially liable under the Jones Act, 46 U.S.C. § 30101 *et seq.*, for an injury suffered by Plaintiff Antonio

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-31129

D. Naylor.  Atlantic argues that the district court failed to identify any act or omission by Atlantic that contributed to Naylor's injury, and that therefore the district court's finding on causation was clearly erroneous.  Because we determine that the district court did not clearly err in finding that Atlantic's conduct contributed to Naylor's injury, we affirm.

## I. BACKGROUND

Naylor is a seaman employed by Atlantic.  Naylor injured his back when the M/V CHARLES CENAC, operated by Defendant–Appellee Caillou Island Towing Company, Inc. ("Caillou"), rammed into the DREDGE G.D. MORGAN, where Naylor was working as a deckhand.  Naylor filed suit against Atlantic, Caillou, and Weeks Marine, Inc., the owner and operator of the DREDGE G.D. MORGAN.  Defendants settled with Naylor and a bench trial was held to apportion fault between Atlantic and Caillou.

At the time of the accident, the DREDGE G.D. MORGAN was dredging near Horn Island, Mississippi.  A floating discharge line, referred to as the "pontoon line," facilitated the movement of the dredged material from the vessel to the banks.  The pontoon line consisted of a pipeline that floated on top of evenly spaced pontoon tanks.  It had to be disconnected when ships needed passage and reconnected after the ships had passed.  The reconnection process required deckhands to position themselves on the separated pontoon tanks while tug boats pushed the tanks together.

On the night of the accident, Naylor was on top of one of the pontoon tanks helping in the reconnection process.  The M/V CHARLES CENAC was assisting in the process by pushing the pontoon tank on which the plaintiff stood. Thirty-five minutes into what was normally a five-to-ten-minute reconnection process, the M/V CHARLES CENAC rammed the discharge line and pontoon tank, causing Naylor to lose his balance and sustain a back injury.  The M/V CHARLES CENAC rammed the discharge line and pontoon tank as it was being

No. 11-31129

repositioned in an attempt to make the reconnection easier.  All witnesses at trial agreed that the seas were choppy at the time of the accident.  The district court found Atlantic 40% at fault for failing "to use ordinary prudence under the circumstances when it attempted the reconnection process in adverse weather conditions."

## II. DISCUSSION

We have jurisdiction over Atlantic's appeal under 28 U.S.C. § 1291. In an admiralty case appealed from a bench trial, a district court's findings regarding negligence and causation are findings of fact and reviewable only for clear error. *Manderson v. Chet Morrison Contractors, Inc.*, 666 F.3d 373, 376 (5th Cir. 2012). "A finding is clearly erroneous when the appellate court, viewing the evidence in its entirety, is left with the definite and firm conviction that a mistake has been made." *Id.* (internal quotation marks omitted).  We cannot find clear error if the district court's finding is "plausible in light of the record as a whole," even if we would have weighed the evidence differently.  *Id.* at 376–77 (internal quotation marks omitted).

Naylor is a seaman as defined by the Jones Act. 46 U.S.C. § 30104.  Under the Jones Act, a seaman's employer is liable for damages if the employer is negligent in whole or in part.  *Gautreaux v. Scurlock Marine, Inc.*, 107 F.3d 331, 335 (5th Cir. 1997).  The employer owes a seaman a duty of reasonable care, and that duty is breached if the employer fails to exercise ordinary prudence under the circumstances.  *Id.* at 338.

Atlantic argues that there was no evidence presented at trial to show that the reconnection process should not have taken place in the weather conditions that existed at the time of the accident, or that indicated the weather created any unsafe conditions or undue hazards. They further argue there was no evidence indicating a specific act or omission on the part of Atlantic that was unsafe. We disagree. There is evidence that the seas were rough, that the

No. 11-31129

reconnection process was more hazardous and took longer in rough seas, and that the rough seas contributed to the accident. Taking that record evidence into account, we are not left with a definite and firm conviction that the district court erred in finding that Atlantic failed to exercise ordinary prudence under the circumstances when it attempted the reconnection process in choppy conditions. *See Manderson*, 666 F.3d at 376. The district court's finding that Atlantic bore partial liability for Naylor's injury, therefore, was not clearly erroneous.

### III.  CONCLUSION

For the foregoing reasons, we AFFIRM.